JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. EDCV 16-01607-CJC(SPx)            Date: July 29, 2016

Title: JOSE GOMEZ V. CONSEULO ORNELAS

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

| Melissa Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                               None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER *SUA SPONTE* REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

      On June 22, 2016, Plaintiff Jose Gomez filed an unlawful detainer action in San Bernardino County Superior Court against Defendant Conseulo Ornelas. (Dkt. 1 ["Notice of Removal"] Exh. A.) Defendant, appearing *in pro per*, removed to this Court on July 22 on the basis of federal question jurisdiction. Defendant argues that removal is proper because Defendant's Answer "depend[s] on the determination of Defendant's rights and Plaintiff's duties under federal law." (*Id.* at 2.)

      A defendant removing an action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Whether subject matter jurisdiction exists may be raised by the Court *sua sponte* at any time. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."). District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. An action "arises under" federal law when a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983). The well-pleaded

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. EDCV 16-01607-CJC(SPx)            Date: July 29, 2016
                                                                    Page 2

---

complaint rule ensures that the plaintiff is the master of her claim by finding jurisdiction "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Accordingly, the plaintiff may avoid federal question jurisdiction through exclusive reliance on state law. *Id.*

       Defendant has not established that this Court has subject matter jurisdiction over this action. It is well-settled that the federal question which gives rise to jurisdiction must appear on the face of the complaint, yet Defendant contends that in this case, a federal question arises in connection with a defense. But a defendant "cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law." *Caterpillar*, 482 U.S. at 399. Defendant does not point to anything in the Complaint that could furnish a basis for subject matter jurisdiction. Removal was therefore improper, and the Court *sua sponte* **REMANDS** this action to San Bernardino Superior Court. Plaintiff's pending motion to remand, (Dkt. 6), is **DENIED AS MOOT**.

sr

MINUTES FORM 11
CIVIL-GEN                                                      Initials of Deputy Clerk MKU